E-FILED
Tuesday, 27 October, 2026 03:41:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BRANDON NELSON,<br><br>Plaintiff,<br><br>v.<br><br>FELICIA ADKINS, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:26-cv-02182-SEM-DJQ |

ORDER

Plaintiff is proceeding *pro se* on a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (cleaned up).

**ALLEGATIONS**

Plaintiff names Warden Felicia Adkins, Assistant Warden Michael Birge, Sergeant James Ferguson, Lieutenant Morrison, Internal Affairs O'Blenis, Correctional Officer Campbell, Lieutenant Jacob Tutwiler, Correctional Officer Joel Gilmartin, and Correctional Officer Jeremy Grooch, as Defendants.

Plaintiff was placed in administrative or investigatory segregation on July 11, 2024, questioned by Internal Affairs, was drug tested on July 16, 2024, and Defendants violated certain Administrative Directives related to Plaintiff's status and the way the investigation was conducted. Defendant Morrison told Plaintiff that he would do anything he could to get Plaintiff transferred to a different prison, away from Danville Correctional Center. This left Plaintiff in a state of crisis and on suicide watch.

On July 18, Plaintiff was told he was under a separate investigation for contraband, which he attempted to bring attention to by going on a hunger strike. It appears that Plaintiff was in segregation / disciplinary confinement until August 15, 2024.

Plaintiff was found guilty of the tickets which were written against him. He filed grievances and appeals. These were denied at

the facility level, but on December 15, 2025, the Administrative Review Board expunged the tickets.

## ANALYSIS

Plaintiff's allegations do not state a claim against any Defendant because he has not alleged that he was deprived by the state or its officers of any protected interest and because the process he was provided resulted in a successful challenge to the discipline that he opposed, that is, his ticket was expunged by the Administrative Review Board.

"When an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation like suicide watch or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine County Jail*, 718 F.3d 689, 691 (7th Cir. 2013); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (holding that the plaintiff's six months and one day in disciplinary segregation did not implicate liberty interest because he was allowed yard time and weekly showers and was not deprived of all

human contact or sensory stimuli); *Singh v. Gegare*, 651 F. App'x 551, 555 (7th Cir. 2016) (concluding that the plaintiff's 105 days in disciplinary segregation did not implicate liberty interest because "he was permitted several hours of yard time and several showers each week, as well as authorized to leave his cell for visits and appointments").

When assessing a claim related to disciplinary segregation, "the key comparison is between disciplinary segregation and non-disciplinary segregation rather than between disciplinary segregation and the general prison population," *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997), "because, in every state's prison system, any member of the general prison population is subject, without remedy, to assignment to administrative segregation or protective custody at the sole discretion of prison officials." *Lekas v. Briley*, 405 F.3d 602, 609 (7th Cir. 2005); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that plaintiff's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" because "disciplinary segregation, with insignificant exceptions, mirrored those conditions

imposed upon inmates in administrative segregation and protective custody" and thus, the plaintiff's "confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction").

Here, Plaintiff alleges he was held in segregation for approximately 35 days. This period is insufficient to indicate a loss of any protected liberty interest. Plaintiff has not alleged that the conditions in disciplinary segregation were so poor that they violated his constitutional rights on their own – that is, he has not plausibly alleged that he faced atypical, significant deprivations during his disciplinary confinement that were substantially worse than the conditions in administrative segregation or protective custody.

Further undermining his claim that he was denied due process, the Administrative Review Board – a step in the process afforded to Plaintiff – saw things Plaintiff's way and expunged the tickets. In other words, the process worked. Plaintiff is unhappy that he had already spent the time in segregation, and the Court understands his frustration, but the process necessarily does take some time due to the several steps involved.

## MOTION FOR COUNSEL

Plaintiff's Motion for Counsel, Dkt. 5, is before the Court.

Plaintiff has not demonstrated that he made a reasonable attempt to find counsel before seeking Court assistance. He attaches two handwritten copies of letters to law firms. One is dated over a year before the date on the complaint. There is no indication that the corresponding letters were in fact sent. If Plaintiff seeks to renew his request for counsel, he should first write to several law firms that practice in the area of prisoner civil rights litigation, explain the specifics of this lawsuit, and request representation. He should then wait a reasonable time for a response and summarize any response received. He can prove that he has taken these steps by affidavit accompanied by copies of letters sent and responses received, if any.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [5] is DENIED without prejudice.**

2. **Motion for Leave to Amend [9] is GRANTED.**

3. **Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's allegations do not state a claim. Plaintiff will be allowed 21 days to file an amended complaint if he believes he**

**can do so, and state a claim, in good faith and consistent with this order. If Plaintiff does not amend then the suit will be dismissed.**

**4. Motions for Status [7], [8] are MOOT.**

Entered October 27, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE